1

2

3

4

5

6

7

8

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP - 6 2013

CENTRAL DISTRICT OF CALIFORNIA
BY Slug                        DEPUTY

9

10

11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

19

20

21

22

23

24

WILMINGTON TRUST COMPANY, in its individual capacity, and as Owner Trustee of Impac Secured Assets CMN Trust Series 1998-1; Impac CMB Trust Series 1999-1; Impac CMB Trust Series 1999-2; Impac CMB Trust Series 2000-1; Impac CMB Trust Series 2000-2; Impac CMB Trust Series 2001-4; Impac CMB Trust Series 2002-1; and Impac CMB Trust Series 2003-5,

       Plaintiff,

v.

IMPAC SECURED ASSETS CORP., a California corporation; IMH ASSETS CORP., a California corporation; IMPAC FUNDING CORPORATION, a California corporation,

       Defendants.

CASE NO.: SACV 13-00774-JST-(ANx)

Hon. Josephine Staton Tucker

[PROPOSED] CONFIDENTIALITY ORDER

25

26

27

28

-1-

CONFIDENTIALITY ORDER

## ORDER

1       After the Court's review of the Joint Stipulation for Confidentiality Order

2 entered into by Plaintiff Wilmington Trust Company, in its individual capacity, and

3 as Owner Trustee of Impac Secured Assets CMN Trust Series 1998-1; Impac CMB

4 Trust Series 1999-1; Impac CMB Trust Series 1999-2; Impac CMB Trust Series

5 2000-1; Impac CMB Trust Series 2000-2; Impac CMB Trust Series 2001-4; Impac

6 CMB Trust Series 2002-1; and Impac CMB Trust Series 2003-5 ("Wilmington

7 Trust Company"), and Defendants Impac Secured Assets Corporation ("ISAC"),

8 IMH Assets Corp. ("IMH"), and Impac Funding Corporation ("IFC") (collectively

9 referred to herein as "Defendants"), and for good cause appearing,

**IT IS HEREBY ORDERED:**

    1.     As used in this Confidentiality Order , the following terms shall be

defined as follows:

    (a)     "Material" shall include any document, testimony or information in
              any form or medium whatsoever including, without limitation, any
              written or printed matter any photograph, drawing, chart, design or
              pictorial representation and any electronic, magnetic or photographic
              recording, whether tape, film, disk, microfiche or any
              other medium produced by a person in the course of this action at any
              time during its pendency, and all material containing information
              derived therefrom.

    (b)     "Person" shall include any party or non-party to this action, whether
              an individual, corporation, partnership, unincorporated association,
              governmental agency or other business or governmental entity.

    (c)     "Party" shall mean any or all of the parties to this action, their
              attorneys of record and their agents.

    (d)     "Private & Confidential" material means any material designated as
              "Private & Confidential," including all copies thereof and information

    CONFIDENTIALITY ORDER

1   contained therein.

2   2.   The Confidentiality Order applies to all information contained or
3   disclosed in any materials, including documents, portions of documents, answers to
4   interrogatories, responses to requests for admissions, deposition testimony and
5   transcripts of deposition testimony, including data, summaries, and compilations
6   derived therefrom, that is deemed to be private, confidential or trade secret
7   information by any party, including third parties, to which it belongs, and/or which
8   has been marked with the designation "PRIVATE & CONFIDENTIAL."

9   3.   In addition to the provisions of the Confidentiality Order, no material
10   produced by any party in this action shall be used for any purpose outside the
11   context of this litigation regardless whether such material bears a confidentiality
12   inscription or is otherwise protected under the Confidentiality Order.

13   4.   If a party or a non-party who has agreed to be bound by the terms of
14   this Confidentiality Order believes in good faith that any material to be produced
15   or provided in this litigation, including depositions, documents and information
16   produced or provided by a party, and documents or information produced or
17   provided pursuant to third-party subpoena, constitutes or contains confidential
18   information, including but not limited to:  (i) private information of a personal or
19   financial nature;  (ii) trade secrets or protected proprietary information; (iii)
20   information about any person or entity that would be substantially likely to result
21   in current competitive injury to that person or entity if the information is divulged
22   in this case; or (iv) information relating to the defense of Wilmington Trust
23   Company or Defendants in ongoing legal proceedings, the party or non-party may
24   designate such material as "Private & Confidential."  No such designation shall be
25   made unless counsel of record believes in good faith that the designated material is
26   entitled to such protection.  Material is to be designated as "Private &
27   Confidential" by physically placing the following inscription (the "Confidentiality
28   Inscription") upon the confidential material: **PRIVATE & CONFIDENTIAL.**

5.     When "Private & Confidential" material is provided in an electronic format, including video, it shall be designated by placing the Confidentiality Inscription on the disk, video or other medium containing the material.  If any document is printed from a disk (or other electronic medium) bearing the Confidentiality Inscription, the printed documents should be marked accordingly.

6.     Materials designated as "Private & Confidential," and notes made therefrom, may only be viewed by the following persons, and only after such persons (other than persons identified in items (a), (b), (d) and (f)) have signed the "Acknowledgment of Confidentiality Order and Agreement to be Bound" attached hereto as Exhibit A.

(a)     Counsel of record working on this action on behalf of any party and counsel's partners, associates, paralegals, secretarial and clerical employees, and attorney services;

(b)     The parties to this action, the affiliates of the parties to this action, and the directors, officers and employees of the parties or their affiliates;

(c)     Experts and consultants retained by any party or its counsel to assist with the action and the employees of such experts and consultants who are actively assisting them in this action;

(d)     The Court and any persons employed by the Court whose duties require access to such material;

(e)     Court reporters and their staff; and

(f)     Authors or addressees of the designated material, as well as persons identified as "bcc" and "cc" on such material;

(g)     A witness at any deposition or other proceeding, including trial, in this action and/or counsel for such witness.  Such a witness may have access to the information only if (1) the witness is testifying regarding the matter that is confidential, and (2) if the witness agrees to keep the matter confidential.

7.     All materials deemed "Private & Confidential" and all information derived therefrom shall be used for purposes of this litigation only, shall not be used by any person other than the producing party for any purpose not directly involving this litigation, shall not be used, directly or indirectly, for any business, personal, commercial, or competitive purposes and shall only be used subject to the terms, conditions and restrictions of the Confidentiality Order.

8.     The parties shall make a good faith effort to limit dissemination of "Private & Confidential" material to those persons who have a reasonable need for access to such material.

9.     Whenever a deposition involves a disclosure of materials or information that any party deems "Private & Confidential," the deposition shall be designated in accordance with the Confidentiality Order.  Such designation shall be made at the deposition and/or within ten (10) business days after the party seeking designation has received the written copy of the deposition from the court reporter. During the deposition, the disclosing party shall have the right to exclude from attendance all persons other than those permitted to view the information under the provisions of the Confidentiality Order.

10.    Any non-producing party shall be permitted to designate documents, interrogatory and other discovery responses, testimony, and/or other information as "Private & Confidential" that were not already marked as such by the producing party within thirty (30) calendar days of the service date of the production or disclosure of such material.

11.    Whenever a party objects to the designation of the material as "Private & Confidential" and wishes to disclose such material beyond the terms of the Confidentiality Order, the party shall provide the party making such designation with reasonable written notice of its desire and intent to so disclose such information.  If the parties cannot resolve their dispute with respect to the propriety of any material being designated as "Private & Confidential" then the party who

1  wishes to remove such designation shall make a motion or ex parte application to
2  this Court for the resolution of the dispute.  Until such time as the Court renders a
3  decision on such dispute, the disputed material shall be deemed "Private &
4  Confidential" and the use and dissemination of the disputed material shall be
5  limited accordingly under the terms of the Confidentiality Order.

6        12.    A party (the "Submitting Party") that files with the Court, or seeks to
7  use at trial or a pretrial hearing, any material designated as "Private &
8  Confidential" by anyone other than itself, shall at least ten (10) business days prior
9  to the filing or use of the "Private & Confidential" material, give notice to the party
10  or non-party that so designated the materials of the Submitting Party's intention to
11  file or use the information.  Any affected party or non-party may then file a motion
12  to seal pursuant to Local Rule 79-5.  If said motion is filed, the Submitting Party
13  shall file the "Private & Confidential" material manually in paper format in the
14  manner prescribed in Local Rule 79-5 and shall comply with both this Court's
15  published procedures for presenting documents for sealing and the Pilot Program
16  Instructions For Filing Under Seal Documents.

17        13.    Any material filed under seal shall be filed and maintained under seal
18  and shall not be available for public inspection.  The party making the filing shall
19  be responsible for filing the pleading or other paper in a sealed envelope, with a
20  cover sheet stating:

21                    **PRIVATE & CONFIDENTIAL - UNDER SEAL**
22                  This document is subject to a Confidentiality Order
23                  issued by the Court and may not be examined or copied
24                  except in compliance with the Confidentiality Order
25                  entered in *Wilmington Trust Company v. Impac Secured*
26                  *Assets Corp., et al.*, United States District Court for the
27                  Central District of California, Case Number 8:13-cv-
28                  007744-JST-AN.

1    14.    Nothing herein shall impose any restrictions on the use or disclosure
2  by a party of material obtained by such party independent of discovery from the
3  supplying party in this action, whether or not such material is also obtained
4  through discovery from the supplying party in this action, or from disclosing its
5  own confidential material as it deems appropriate.

6    15.    Nothing herein shall impose any restriction on the use or disclosure by
7  a party of material obtained by such party independent of discovery in this action
8  or obtained by such party that: (a) is in the public domain at the time of disclosure;
9  (b) becomes part of the public domain after the time of disclosure through no fault
10  of the receiving party; or (c) was received from a third party who had no obligation
11  of confidentiality at the time of the use or disclosure and against whom the
12  producing party has filed no claim with regard to the subject information (any of
13  which the receiving party shall have the burden of proving).  The supplying party
14  in this action reserves all rights regarding any material obtained by the receiving
15  party independent of discovery in this action.

16    16.    The Confidentiality Order shall be without prejudice to the rights of
17  the parties to bring before the Court the question of whether any particular
18  document or information is to be designated "Private & Confidential" or filed
19  under seal, or whether its use should be restricted, or to present a motion to the
20  Court for a separate protective or confidentiality order as to any particular
21  document or information, including restrictions differing from those specified
22  herein.  The Confidentiality Order shall not be deemed to prejudice the parties in
23  any way in any future application for modification of the Confidentiality Order.

24    17.    The Confidentiality Order is entered solely for the purpose of
25  facilitating the exchange of material without involving the Court unnecessarily in
26  the process.  Nothing in the Confidentiality Order, or the producing of any material
27  under the terms of this order, or any proceedings pursuant to the Confidentiality
28  Order, shall be deemed to have the effect of an admission or waiver by any party,

1  or of altering the confidentiality or nonconfidentiality of any such material, or
2  altering any existing obligation of any party or the absence thereof.

3      18.    The Confidentiality Order shall survive the final termination of this
4  action, and the Court shall retain jurisdiction to resolve any dispute concerning use
5  of information disclosed hereunder.

6      19.    Upon termination of this case and the expiration of any rights of
7  appeal, counsel for the parties shall assemble and return to the supplying parties,
8  within 60 days, all material designated as "Private & Confidential" and all copies
9  of same, or shall certify the destruction thereof to the supplying parties; provided,
10  however, that outside counsel may retain one copy of each document designated as
11  "Private & Confidential" solely for the purpose of reference in the event of any
12  dispute concerning the use or disclosure of information so designated and may
13  retain copies of such materials to the extent that they contain, include or affect
14  attorney work product of the receiving attorney.

15     20.    The failure of any party to designate material as "Private &
16  Confidential" or to file such material under seal shall not constitute a waiver or
17  otherwise affect the confidentiality of other material that a party has designated or
18  wishes to designate as "Private & Confidential."

19     21.    Nothing in the Confidentiality Order shall be deemed to limit,
20  prejudice or waive any rights of any party or person: (a) to resist or compel
21  discovery; (b) to seek or obtain additional different protection for, material claimed
22  to be protected work product or privileged under the Federal Rules of Civil
23  Procedure, or any other applicable law; (c) to seek or modify or obtain relief from
24  any aspect of the Confidentiality Order; (d) to object to the use, relevance, or
25  admissibility at trial of any evidence, whether or not comprised of "Private &
26  Confidential" material governed by the Confidentiality Order; or (e) otherwise to
27  require that discovery be conducted according to governing laws and rules.

28     22.    The placing of the Confidentiality Inscription or production

1  identification number on the face of any document produced shall have no effect
2  upon the authenticity or admissibility of that document at trial.

3      23.    The Confidentiality Order is without prejudice to the right of any
4  party or person to waive the applicability of the Confidentiality Order to any
5  "Private & Confidential" material produced or disclosed by that person or to use
6  any "Private & Confidential" material owned by the party or person in any manner
7  that party or person deems appropriate.

8      24.    The Confidentiality Order shall not affect any contractual, statutory or
9  other legal obligation or rights of any party with respect to "Private &
10 Confidential" material designated by that party.

11
12
13 Dated: September 6, 2013

14                                 Hon. Arthur Nakazato
                                   United States Magistrate Judge
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CONFIDENTIALITY ORDER

**EXHIBIT A:  ACKNOWLEDGMENT OF CONFIDENTIALITY ORDER
AND AGREEMENT TO BE BOUND**

I, _____, residing at _____

_____, and having a place of business at _____,

have read the Confidentiality Order entered in the action captioned *Wilmington Trust Company v. Impac Secured Assets Corp., et al.*, Case No. 8:13-cv-007744-JST-AN, governing the production and use of "Private & Confidential" materials. I understand the same, and I agree to be bound by its terms.  I agree not to use or permit the use of any "Private & Confidential" materials obtained pursuant to this undertaking for any purposes other than in connection with this litigation, and I agree not to use or permit the use of any such "Private & Confidential" materials for any business, personal, commercial, or competitive purpose whatsoever.  I further agree not to disclose any "Private & Confidential" materials obtained pursuant to the Confidentiality Order to any person who is not also bound by the terms of the Confidentiality Order.  I further agree, at the end of this lawsuit, to return "Private & Confidential" materials, including writings or any other documents derived therefrom, to the party providing me such materials.

I understand and agree that the parties producing "Private & Confidential" materials shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any breach of this undertaking, which shall be in addition to all other remedies available at law.  I further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of the Confidentiality Order, and that I may be effectively served by certified or registered mail, return receipt requested.


Dated: _____        Signed: _____